**BOTKIN et al.**

v.

**CITY OF ABILENE.**

No. 3050.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1953.

Rehearing Denied Dec. 11, 1953.

Bryan Bradbury, Abilene, for appellants.

Smith, Eplen, Bickley & Pope, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by C. E. Botkin and other nonresident users of city water against the City of Abilene. Plaintiffs sought an injunction and declaratory judgment to the effect that an ordinance of the City of Abilene was arbitrary and discriminatory and, therefore, invalid in that it provided rates for water customers who live outside the city limits at twice what is charged water customers residing within the city. From a judgment denying the injunction and other relief prayed for, plaintiffs bring this appeal.

The evidence shows that the City of Abilene is a municipal corporation and that

it owns and operates a water works system furnishing water to its resident users and to some nonresident users. The City owned a portion of its water works system prior to 1922 and that year purchased in addition thereto the facilities of the Abilene Water Works. From the year 1923 the city, by separate ordinances and under separate classification units, has dealt with the resident and nonresident users as distinct and separate units. The latest ordinance setting water rates, which provides that water customers who reside outside the city limits shall pay twice the rate paid by customers who reside within the city, was adopted on February 22, 1952. This is the ordinance complained of by appellants. The ordinance is one of a series adopted over a period of years by the City setting water rates. Since the acquisition of its water system the difference between rates charged outside and inside the City of Abilene has been substantially and for all practical purposes, approximately the difference provided in the 1952 ordinance. The evidence shows that none of the appellants have used water outside the City for more than twelve or thirteen years and that most of them knew of the variation in charges at the time they first became users of appellee City's water, and with full knowledge of such variation requested the City to furnish water; that they requested to be furnished city water under an agreement, or purchased the property to which water was and is furnished from persons who had agreed, to abide by the city ordinances and the decisions of the City Commission in consideration of the City furnishing water.

Appellants urge in point No. 1 that the court erred in refusing to enjoin appellee City from enforcing its ordinance which charges its water customers residing outside the city limits double the charge to water customers within the City, and contend in their second point that the court erred in refusing to enter a declaratory judgment declaring such ordinance to be arbitrary, discriminatory and invalid as it relates to water rates charged to its cus-

tomers who live outside the city limits of Abilene, Texas.

Article 1108, Section 3, of Vernon's Annotated Revised Civil Statutes provides:

"Any town or city in this State which has or may be chartered or organized under the general laws of Texas or by special Act or charter and which owns or operates water works, sewers, gas or electric lights, shall have the power and right:

\*    \*    \*    \*    \*    \*

"3. To extend the lines of such systems outside of the limits of such towns or cities and to sell water, sewer, gas, and electric light and power privileges or service to any person or corporation outside of the limits of such towns or cities, or permit them to connect therewith under contract with such town or city under such terms and conditions as may appear to be for the best interest of such town or city \* \* \*."

In the case of City of Texarkana v. Wiggins, 246 S.W.2d 622, 627, the Supreme Court, in an opinion by Judge Smith, stated as follows:

"We think the effect of the statute is that when a city decides to exercise this power to provide its utility service to customers outside the city limits it may then fix such service charges as it decides the situation requires; if it requires a higher charge than is fixed against residents of the city for the same service, the city may exact the higher rate. But whatever it fixes, a rate status between the city and its outside customers is thereby established and the city cannot thereafter arbitrarily change the rate so as to discriminate, or further discriminate, between them and the customers residing in the city."

■■ The facts of the instant case come clearly within the provision of the above quoted statute as interpreted by our Supreme Court in the Wiggins case.

The City of Abilene exercised its power to provide water service to customers residing outside the city and at the time it exercised such power, fixed such service charges as it decided the situation required. The City of Abilene by various ordinances in effect found that a higher rate was required for nonresident users than for those within the City, and exercised its right to exact such higher rates. The City had the power to classify its water customers and to fix rates to be charged and its determination of these matters should not be disturbed if there is any reasonable basis therefor.

The evidence shows that since the City acquired the water system in 1922, its resident and nonresident consumers have been treated as two separate and distinct units. During such period, at least as far back as April 20, 1923, nonresident users have paid for water at approximately twice the rate paid by residents of the City. A rate status was thereby established between the City and its outside customers.

We cannot agree with appellants that the action of the City in charging such outside users twice the rate charged residents of the City is arbitrary and unreasonable. The evidence shows that there is an additional cost in supplying water to such users. The outside users reside at varying distances from the City of Abilene, ranging from barely outside the city limits to approximately 18 miles away. The houses of some of the outside users are in as close proximity as city dwellings but others are located on tracts of land containing 20 acres or more. In some instances, the acreage is considerably more than 20 acres. Two meter readers with a car require about three days to read the meters of the approximately 400 nonresident users while one man without a car can read the same number of meters inside the City in approximately half the time.

Although it cannot be demonstrated with exactness, the evidence in our opinion, justifies the conclusion that there is further additional cost to the City in making the water available to nonresident users at all times in additional pumping and lifting costs. The outside users are, in addition to the water service, also furnished health service and fire protection.

Another fact which deserves consideration as tending to justify a higher rate to outside users is that the water works system of the City of Abilene was purchased by general obligation bonds of which more than $4,000,000 are now outstanding. The residents of the City are liable through taxation for the payment of the principal and interest on these bonds and they constitute a charge or incumbrance upon the taxable property within the City. In the case of City of Texarkana v. Wiggins, supra, the City had purchased its water system entirely from the issuance and sale of revenue bonds which, by statute, do not constitute a debt of the City. Article 1118a, Sections 1 and 4, Vernon's Annotated Revised Civil Statutes. The residents of the City of Texarkana were, therefore, not liable to taxation to pay for their water system and the Court of Civil Appeals and the Supreme Court of our State both pointed out that the difference in rates in that case could not be justified on the ground that residents of the City were liable to taxation to pay for the system. This was true because there was no liability and not, as urged by appellants, because such liability would not have justified a difference in the rates.

In our opinion, the ordinance in question was not arbitrary, unreasonable and invalid. Under the evidence there was a reasonable basis for the difference in the rates charged. Appellants' points are overruled.

The judgment of the trial court is affirmed.